IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **GLADIEUX METALS RECYCLING, LLC** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.: 3:21-cv-00055 |
| **RLC TECHNOLOGIES, INC.** | § § § | |
| *Defendant.* | § | |

## PARTIES' JOINT MOTION FOR BRIEF CONTINUANCE OF DISPOSITIVE MOTION DEADLINE

Plaintiff/Counter-Defendant Gladieux Metals Recycling, LLC ("GMR") and Defendant/Counter-Plaintiff RLC Technologies, Inc. ("RLC") file this Joint Motion for Brief Continuance of the Dispositive Motion deadline from August 22, 2022 to September 23, 2022, and respectfully show the Court as follows:

1.  On March 12, 2021, Plaintiff Gladieux Metals Recycling, LLC ("GMR") initiated the instant matter by filing its Original Petition and Application for Temporary Restraining Order and Temporary Injunction in Brazoria County, Texas. RLC removed the matter to this Court on March 14, 2021.

2.  On April 16, 2021, after completion of the temporary injunction hearing, RLC moved to transfer the case to the Eastern District of Virginia (Docket

1

No. 19). The same day, RLC filed its original answer and counterclaim (Docket No. 20), subject to its Motion to Transfer Venue.

3. The parties attended the initial conference on May 14, 2021, and a schedule setting the case for docket call on May 13, 2022 was set the same day (Docket No. 27). At the time of this scheduling order, the parties were still briefing RLC's Motion to Transfer Venue and had not yet commenced written discovery or exchanged documents.

4. The Motion to Transfer Venue was denied on October 19, 2021. A new scheduling order was entered at the parties' request on January 11, 2022, setting the discovery deadline for August 12, 2022; the dispositive motion deadline for August 22, 2022; and the docket call for November 11, 2022 (Docket No. 35).

5. Since then, the parties have worked diligently to resolve discovery disputes and exchange documents and expert reports. Written discovery is now complete.

6. The parties are working cooperatively to schedule a mediation in August to attempt to resolve this matter. If the mediation is unsuccessful, the parties will quickly complete fact and expert witness depositions and will be ready for the currently-set docket call of November 11, 2022.

7. To help facilitate this schedule and maximize the chances of settlement, the parties have agreed to extend the discovery deadline from August 12, 2022 to September 2, 2022.

8. Per the Court's procedures, the parties now respectfully request that the Court grant a brief continuance of the dispositive motion deadline from August 22, 2022 to September 23, 2022 to allow the parties to complete their mediation and depositions, if necessary, prior to the deadline for filing their dispositive motions.

9. The parties are not requesting a continuance of the November 11, 2022 docket call.

10. Rule 16 authorizes the Court to modify scheduling orders for good cause, FED. R. CIV. P. 16(b)(4), and the Court enjoys broad discretion in this regard, although it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal quotation marks omitted) (citing *HC Gun & Knife Shows, Inc. v. City of Hous.*, 201 F.3d 544, 549–50 (5th Cir. 2000)).

11. Though the parties have exercised diligence in completing discovery and will be prepared for the currently set November 11 docket call, a brief continuance of the dispositive motion deadline is necessary to allow the parties time to attempt to resolve this matter through mediation and to complete depositions, if necessary, before burdening this Court with further motion practice.

12. This joint motion for a brief continuance of the dispositive motion deadline is not intended for delay but so that justice may be done.

## CONCLUSION & PRAYER

Based on the foregoing, the parties respectfully pray that the Court enter the parties' proposed agreed order (or one substantially similar thereto), attached as **Exhibit A**, extending the dispositive motion deadline from August 22, 2022 to September 23, 2022, and for all such further relief to which they may be entitled.

Dated: July 28, 2022                                                                 Respectfully submitted,

**ADAMS AND REESE LLP**

By:  */s/ Adam Massey (by permission)*
Adam Massey
(Attorney-in-Charge)
State Bar No. 24065690
S.D. Tex. Id. No. 996074
Adam.Massey@arlaw.com
**David Toney** (Of Counsel)
State Bar No. 00797561
S.D. Tex. Id. No. 17174
David.Toney@arlaw.com
**Brianne Richardson**
State Bar No. 24056500
S.D. Tex. Id. No. 713680
Brianne.Richardson@arlaw.com
Jeryn Roberts (Of Counsel)
State Bar No. 24091802
S.D. Tex. Id. No. 3498977
Jeryn.Roberts@arlaw.com
1221 McKinney St.
Houston, Texas 77010
Tel: (713) 652-5151
Fax: (713) 652-5152

**ATTORNEYS FOR PLAINTIFF**

**WHITEFORD, TAYLOR & PRESTON, L.L.P.**

By:  */s/ Stephen M. Faraci*
Stephen M. Faraci
(Attorney-in-charge)
Virginia Bar No. 42748
sfaraci@wtplaw.com
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 977-3307
Fax: (804) 977-3298
**Michael P. Collins, Jr.**
Maryland AIS No. 1712130701
mcollins@wtplaw.com
7 Saint Paul Street
Baltimore, MD 21202-1626
Telephone: (410) 347-9458
Fax: (410) 223-4385

5

**F**OGLER**, B**RAR**, O'N**EIL **& G**RAY**, LLP**

**Murray Fogler** (of counsel)
S.D. Tex. Bar No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
Robin O'Neil (of counsel)
State Bar No. 20479075
S.D. Tex. Bar No. 1618035
roneil@foglerbrar.com
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile: (713) 574-3224

**ATTORNEYS FOR DEFENDANT**

5